IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

BRANDY KROHN, et al.,                )
                                     )
         Plaintiffs,                 )
                                     )
v.                                   )   Case No. CIV-11-107-KEW
                                     )
INDEPENDENT SCHOOL DISTRICT          )
NO. 13, PUSHMATAHA COUNTY,           )
(ANTLERS), STATE OF OKLAHOMA,        )
et al.,                              )
                                     )
         Defendants.                 )

## OPINION AND ORDER

Defendants originally filed a Motion to Dismiss Second Amended Complaint (Docket Entry #30), seeking the dismissal of several of Plaintiffs' claims. Upon review, this Court deemed it appropriate to convert Defendants' Motion to one under Fed. R. Civ. P. 56, seeking summary judgment and the parties were afforded an opportunity to amend their briefs to include other evidence and statements of fact in accordance with Fed. R. Civ. P. 12(b)(6). Those briefs were filed in a timely fashion and were considered in the formulation of this Order.

In the Second Amended Complaint, Plaintiff alleges Defendants violated the minor S.L.T.'s procedural and substantive due process rights by suspending her for the remainder of the school year from Obuch Middle School located within the Defendant District. Defendants have moved to dismiss, now for summary judgment on Plaintiff's SAC alleging: (1) the SAC fails to consider Plaintiff's admissions made in the Board of Education hearing on

April 11, 2011 and Plaintiff's stipulations contained in the Joint Status Report filed by the parties; (2) Plaintiff should not be permitted to pursue claims against both the School District and the individuals in their official capacity as being duplicative; (3) Plaintiff's deprivation of liberty, procedural and substantive due process, and equal protection claims fail as a matter of law; (4) the request for injunctive relief is moot; and (5) Plaintiff should only be permitted to pursue federal and not state law claims based upon the content of the SAC.

At the invitation of the Court upon conversion of the Motion, Defendants have submitted a statement of undisputed material facts based primarily upon the transcript from the due process hearing conducted before the Board of Education on April 11, 2011. Plaintiff responds that Defendants' Amendment in Support of Summary Judgment "does not raise any new issues and that the Plaintiffs rely on and readopt their previous response . . . ." As such, the undisputed material facts set forth in Defendants' Amendment stand uncontested except to the extent they are specifically opposed in Plaintiffs' prior response.

At all times relevant to this action, Defendant Pam Matthews ("Matthews") was employed as principal of Obuch Middle School, which is within the Independent School District No. 13, Pushmataha County or the Antlers School District (the "District"). Defendant Mark Virden ("Virden") was employed as superintendent for the

District. During the time relevant to this case, the Board of Education for the District was composed of Defendants Barry Savage, Jason Baggett, Angie Norman, Tony Bryant, and Robbie Bowman.

On February 23, 2001, S.L.T. was in the eighth grade, attending Obuch Middle School. On that date, S.L.T. told Matthews, in the presence of S.L.T.'s mother, Plaintiff Brandy Krohn ("Krohn"), that she bought a prescription pill from another student for $5.00 on school property. The medication was a little, white pill later identified as Tramadol. Plaintiff contends the medication was Toradol.

The Obuch Middle School Students and Parent Handbook for the 2010-2011 school year included the District's Medication Policy, which did not allow for students to possess any medication (prescription or non-prescription) at school unless it was obtained from office personnel with prior parental consent. The Handbook also contained the District's Disciplinary Procedures, which required that every student demonstrate acceptable behavior and not disrupt the learning atmosphere, obey all school rules, and obey school board policy. Krohn signed a form which indicated she had read the contents of the Handbook.

On February 23, 2011, Krohn was notified by letter from Matthews that S.L.T. would be suspended for the remainder of the 2010-2011 school year for buying or accepting prescription drugs from another student on school property in violation of school

property.

On February 28, 2011, Virden notified Krohn by letter of the availability of an option to reduce the length of S.L.T.'s suspension to March 7, 2011, if S.L.T. agreed to attend a three-day drug education seminar and to attend school through the Alternative Education Program for the remainder of the 2010-2011 school year. Krohn was also notified that the Alternative Education Program would provide instruction to S.L.T. in only core curriculum courses, with no instruction in non-core courses and no extracurricular activities. Virden also included a copy of the District's Suspension of Students (Regulation), which included the procedure to appeal the suspension.

Krohn accepted the option offered to reduce S.L.T.'s out-of-school suspension. S.L.T. attended a three-day drug education seminar on March 2, 2011 through March 4, 2011.

On March 3, 2011, Krohn sent Virden a letter requesting several District policies and procedures. An appeal was not requested in the letter to the Board of Education.

On March 4, 2011, Matthews informed Krohn by letter that S.L.T. could begin attending the Antlers Alternative School on March 7, 2011. S.L.T. began attending the school on that date. S.L.T.'s out-of-school suspension totaled seven school days, inclusive of the three-day drug education seminar.

S.L.T.'s suspension did not affect her eligibility to

participate in extracurricular activities, including cheerleading, after May 20, 2011.

On March 14, 2011, Krohn filed this action against Defendants. Defendants removed the case to this Court on March 24, 2011.

By letter dated March 25, 2011, Defendants' attorneys advised Krohn's attorney that, although Krohn had never requested a hearing before the Board of Education, the District was agreeable to scheduling a hearing regarding S.L.T.'s suspension at the regular meeting of the Board of Education on April 11, 2011.

On April 11, 2011, a hearing on S.L.T.'s suspension was held before the Board of Education. Krohn and S.L.T. were represented by counsel at the hearing and was provided an opportunity to present evidence and cross-examine witnesses. At the conclusion of the hearing, the Board of Education unanimously adopted findings of fact and upheld S.L.T.'s out-of-school suspension, as modified by the option provided by Virden in his letter of February 28, 2011 and as accepted by Krohn.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of

material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. <u>Posey v. Skyline Corp.</u>, 702 F.2d 102, 105 (7th Cir. 1983). Given the preceding recitation of facts are uncontested, the sole question remaining is whether Defendants are entitled to summary judgment as a matter of law. This Court will address each point raised in the Motion in turn.

Several of the issues originally addressed in the Motion to Dismiss are no longer viable due to Plaintiff's admissions or stipulations. Plaintiff originally requested injunctive relief to prevent S.L.T.'s suspension. By Plaintiff's admission, the request is now moot. Additionally, Plaintiff's SAC contained allegations of violations of the Oklahoma Constitution. Plaintiff admits that all claims are asserted under federal law. Plaintiff also alleged

in the SAC that S.L.T. would not be permitted to participate in the extracurricular activity of cheerleading for the current school year. S.L.T. has been allowed to participate in this activity. Therefore, any constitutional violation or claim for damages associated with this assertion is no longer viable.

As for the contested portions of Defendants' Motion, Defendants first contend Plaintiff has brought redundant claims by suing both the District and the individual Defendants in their official capacities. Clearly, the claims are duplicative and should be dismissed as against each individual in their official capacities. D.L. v. Unified School Dist. No. 497, 392 F.3d 1223, 1227 (10th Cir. 2004)(recognizing district court's dismissal of official capacity claims as redundant of naming of District); Rubio v. Turner Unified School Dist. No. 202, 453 F.Supp.2d 1295, 1300 (D. Kan. 2006)(suit against both the school district and individuals in their official capacities was duplicative). As a result, the individual Defendants in their official capacities are properly dismissed from this action.

Defendants next assert Plaintiff has failed to state a claim for deprivation of a liberty interest without providing her with due process. "A plaintiff must allege a deprivation of a sufficient property or liberty interest to invoke the protection of the Due Process Clause . . . ." Seamons v. Snow, 84 F.3d 1226, 1234 (10th Cir. 1996)(citation omitted). Plaintiff contends

S.L.T.'s loss of reputation coupled with a deprivation of a property interest in a public education. These interests are separate and distinguishable. Loss of reputation is not sufficient to maintain a deprivation of liberty interest constitutional claim. Id. at 1235 ("damage to an individual's reputation alone, apart from some more tangible interest, is not enough to establish a due process violation . . .").

Plaintiff does set forth a "more tangible interest" in the form of loss of education. This property interest claim, however, fails under its lack of legal underpinnings as well. S.L.T. was offered and Plaintiff accepted an alternative school which permitted S.L.T. to continue her public education. S.L.T. has no constitutional right to attend a particular school and she has not alleged that the educational opportunity at the alternative school was deficient or inferior to the regular school. Id. at 1234-35 ("[w]ith regard to the specific components of education . . . (e.g., the right to participate in sports, to take advanced placement classes, and to attend a particular school), we do not believe that [the student] has a constitutional right to those particular incidents of education."); Zamora v. Pomeroy, 639 F.2d 662, 669 (10th Cir. 1981). See also, Harris v. Pontotoc Co. School Dist., 635 F.3d 685, 690 (5th Cir. 2011)("A student's transfer to an alternative education program does not deny access to public education . . . "). As a result, Defendants are entitled to

8

summary judgment on Plaintiff's liberty interest claim.

Plaintiff also asserts a claim for violation of her procedural due process rights. Without doubt, a delay of some length occurred between the date of the alleged misconduct (February 23, 2011) and the due process hearing before the Board of Education (April 11, 2011). The United States Supreme Court established the process due a student suspended for misconduct in the case of Goss v. Lopez, 419 U.S. 565 (1975), cited by both parties. Summarizing their pronouncement, the Supreme Court stated that

> Students facing temporary suspension have interests qualifying for protection of the Due Process Clause, and due process requires, in connection with a suspension of 10 days or less, that the student be given oral or written notice of the charges against him and, **if he denies them**, an explanation of the evidence the authorities have and an opportunity to present his side of the story. The Clause requires at least these rudimentary precautions against unfair or mistaken findings of misconduct and arbitrary exclusion from school.
>
> Goss v. Lopez, 419 U.S. 565, 581 (1975)(emphasis added by this Court).

The facts in this case demonstrate that S.L.T. never denied accepting medication from another student - whether that medication was Toradol or Tramadol. Indeed, she admitted the violation of school policy to Matthews on the date of the occurrence. Because S.L.T. admitted the misconduct, she was not prejudiced by the delay in notice and opportunity for a hearing. Watson v. Beckel, 242 F.3d 1237, 1242 (10th Cir. 2001). As a result, Plaintiff's procedural due process claim is without legal foundation.

9

Plaintiff also contends Defendants violated S.L.T.'s substantive due process rights. In order to state a substantive due process claim, Plaintiff must show S.L.T.'s suspension was "arbitrary, lacking a rational basis, or shocking to the conscience of federal judges." Butler v. Rio Rancho Public School Bd. of Educ., 341 F.3d 1197, 1200-01 (10th Cir. 2003). The District possesses a significant interest in preventing the sale and possession of drugs from their students while at school. A rational basis existed for S.L.T.'s suspension based upon a violation of the District's drug policy. Certainly, nothing arbitrary or "shocking" can be attributed to the decision by the District to suspend. Uhrig v. Harder, 64 F.3d 567, 574 (10th Cir. 1995)(". . . the shock the conscience standard requires a high level of outrageousness.") Plaintiff's substantive due process claim wholly fails.

As a final claim, Plaintiff argues that S.L.T.'s equal protection constitutional rights were violated by Defendants through their actions. Specifically, Plaintiff contends S.L.T. was treated differently from a similarly situated student who received prescription medication and ingested it in violation of the District's policies. The student was alleged in the SAC to have been allowed to attend the middle school and participate in extracurricular activities. He was allegedly neither suspended nor sent to the alternative school.

This Court would first note that Plaintiff did not submit evidence to substantiate this set of facts or this claim as required to withstand summary judgment. Based upon this deficiency alone, Defendants are entitled to summary judgment on this claim. Even if the claim is permitted on the SAC allegations, it fails. To prevail on a "class of one" claim such as that asserted in this case, Plaintiff must demonstrate that (1) other "similarly situated in every material respect" were treated differently; (2) the difference in treatment was without rational basis - the action was "irrational and abusive"; and (3) the action is "wholly unrelated to any legitimate state activity." Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1216 (10th Cir. 2011). The court cautions, however, of "turning even quotidian exercises of government discretion into constitutional causes." Id. (citations omitted).

It is impossible to determined whether the individual to which Plaintiff refers was sufficiently similarly situation to S.L.T. or was truly treated differently since Plaintiff offers no evidentiary support for the claim. Assuming both factual elements are present, it still must be concluded that the action was irrational and wholly unrelated to a legitimate state interest. The claim must fail on both points. No evidence was presented in opposition to summary judgment to indicate the difference in action taken was abusive or irrational. As previously identified, the District unequivocally has an interest in preventing the proliferation,

dissemination, and consumption of drugs on its premises. Consequently, Plaintiff's equal protection claim must fail.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment converted from their Motion to Dismiss Second Amended Complaint (Docket Entry #30) is hereby **GRANTED**. A separate judgment will be entered reflecting this ruling.

IT IS SO ORDERED this ___2nd___ day of April, 2012.

*(signature)*
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE